UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| Kaitlin Murphy | : | Case No.: |
| Plaintiff | : | |
| v. | : | **COMPLAINT** |
| Hartford Life and Accident Co. | : | |
| Defendant | : | |

Plaintiff, Kaitlin Murphy, for her Complaint against Defendant Hartford Life and Accident Co. ("Hartford") states as follows:

1. Ms. Murphy is an individual who resides in Justin, Texas and who is or was a participant in a long-term disability plan (the "Plan") sponsored by her former employer, Amazon.Com Services, Inc. ("Amazon").

2. The Plan is funded through a group long term disability insurance policy Hartford issued to Amazon. (the "Policy"), for whom Ms. Carbuccia served as a Sortation Specialist.

3. The Plan was issued in the state of Washington.

4. Hartford is a company with offices in Scarborough, Maine.

5. Hartford serves as the claims administrator of the Plan for purposes of benefit determinations made pursuant to the Policy.

6. Ms. Murphy brings this action to recover benefits under the Plan and Policy.

7. Ms. Murphy brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy.  This Court has

subject matter jurisdiction over this action, and it may assert personal jurisdiction over Hartford because, per ERISA 502(e), Hartford is located in this district.

## Claim for Relief

8. The Policy provides that Hartford will pay long term disability benefits to participants who are participants under the Plan.

9. Under the Policy, disability is defined as follows:

> "Disability or Disabled means You are prevented from performing one or more of the Essential Duties of: 1) Your Occupation during the Elimination Period; 2) Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and 3) after that, Any Occupation.

10. Ms. Murphy stopped working on May 18, 2020 due to PTSD and major depressive disorder

11. Ms. Murphy became disabled under the policy on or about August 20, 2020.

12. Ms. Murphy has qualified for long term disability under the Policy.

13. Ms. Murphy submitted a timely claim for long term disability benefits to Hartford.

14. Hartford denied Ms. Murphy's claim by letter, dated November 1, 2021.

15. Ms. Murphy appealed this decision.

16. By letter dated February 10, 2022, Hartford upheld its denial of Ms. Murphy's disability benefits.

17. Ms. Murphy exhausted her procedural remedies and conditions precedent under the Policy and Plan.

18. As a result of the foregoing, Ms. Murphy has suffered a loss in the form of unpaid benefits.

19. Ms. Murphy is entitled to a judgment against Hartford in the amount of the unpaid long term disability benefits under the Policy and Plan.

20. Ms. Murphy is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff, Ms. Murphy, requests the Court grant her the following relief from Defendant Hartford:

    a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b. An order reinstating her benefits and ordering that they be paid through coverage under the Plan and Policy.

    c. Her costs and attorney's fees; and

    d. All other relief the Court may deem proper.

Dated:   September 7, 2022

/s/ Andrew S. Davis
Andrew S. Davis
Davis Law, LLC
PO Box 17887
Portland, Maine 04101
F: 888.902.1679
P: 646.245.9099
